UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PACE INDUSTRY UNION-MANAGEMENT FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:08-1047 ) Judge Echols |
| NIAGARA TANK & PUMP CO., INC. | ) ) |
| Defendant. | ) |

## DEFAULT JUDGMENT ORDER

This is an action brought under the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq., in which Plaintiffs, the Pace Industry Union Management Pension Fund and its Trustees ("the Fund"), seek a default judgment awarding withdrawal liability, interest, liquidated damages, and attorneys' fees incurred as a result of withdrawal from the Fund by Defendant Niagara Tank & Pump Co., Inc. ("Niagara"). The Complaint was filed on October 29, 2008, but Niagara has not filed an Answer or otherwise responded to the Complaint. The Clerk entered an Entry of Default on February 9, 2009, noting that Defendant was served on December 29, 2008, and that, since being served, Defendant has failed to answer or otherwise plead in defense. (Docket Entry No. 10). Subsequently, the Fund filed a Motion for Default Judgment (Docket Entry No. 14) on March 25, 2009 and Defendant has filed no response in opposition.

When a defendant defaults, the Court accepts as true the well-pleaded allegations in the Complaint on the issue of liability, but must ascertain the amount of damages with reasonable certainty. Vesligaj v. Peterson, 2009 WL 1286446 at *3 (6th Cir. 2009)(collecting cases). In other

1

words, "'[w]here damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.'" Id. (quoting, Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995)). Proof may be in the form of declarations or affidavits and accompanying exhibits if such filings provide sufficient evidence to make a determination as to damages – an evidentiary hearing is not always required. Id. "A district court's determination that a hearing is not necessary to determine the amount of damages under Rule 55(b)(2) is reviewed for abuse of discretion." Id. at 4.

In this case, the Fund has submitted the Declaration of Maria Wieck ("Wieck"), the Administrator of the Fund, the Participation Agreement between the Fund and the Defendant, and a summary of amounts due. (Docket Entry No. 17 & exhibits attached thereto). The Fund has also submitted the declaration of Christopher J. Schulte ("Schulte") (Docket Entry No. 16), counsel for the fund, which sets forth the amount of attorneys' fees spent by the fund in pursuing this matter. This is sufficient for the Court to determine damages with reasonable certainty, particularly since the Fund is seeking to recover that which it is entitled to by statute.

According to the Declaration of Wieck, Defendant withdrew completely from the Fund in December 2002. On September 10, 2007, in accordance with 29 U.S.C. §§ 1382 & 1399(b), the Fund sent Defendant a letter which indicated that Defendant had incurred withdrawal liability of $639,744.00, payable in 80 monthly installments of $4,016.98. The first installment was due no later than November 1, 2007. (Wieck Decl. ¶ 7). Defendant did not respond to that letter by making payments or otherwise challenging the assessment.

Section 1399 of Title 29 provides that "[i]n the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability." 29 U.S.C.

2

§ 1399(c)(5). A default occurs when "an employer [fails] to make, when due, any payment under this section, if the failure is not cured within 60 days after the employer receives written notification from the plan sponsor of such failure." Id. Upon default, Section 1132 of Title 29 sets forth the amount a plan sponsor is entitled to recover:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 U.S.C. § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan-
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
> (I) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 U.S.C. § 6621].

29 U.S.C. § 1132(g)(2).

In this case, the Fund seeks to recover $836,256.95 consisting of $639,744.00 in withdrawal liability (i.e. the amount of unpaid contributions), liquidated damages in the amount of $127,948.80 (20% of the withdrawal liability), and interest in the amount of $64,576.95 (calculated in accordance with the terms of the Participation Agreement). The undisputed evidence as set forth in Wieck's Declaration and accompanying exhibits shows these amounts to be correct and they are amounts allowable by statute. The Fund also seeks attorneys' fees in the amount of $3,987.20 for the work performed in this case and the Court finds this request to be reasonable and supported by Schulte's Declaration.

3

Accordingly, the Court rules as follows:

(1) Plaintiffs' Motion for Default Judgment (Docket Entry No. 14) is hereby GRANTED;

(2) JUDGMENT is hereby entered in FAVOR of Plaintiff Pace Industry Union-Management Pension Fund and its Trustees and AGAINST Defendant Niagara Tank & Pump Co., Inc.;

(3) Plaintiff PACE Industry Union Management Pension Fund and its Trustees are hereby AWARDED Judgment in the amount of $836,256.95, representing $639,744.00 for withdrawal liability; liquidated damages in the amount of $127,948.80; interest in the amount of $64,576.95; and $3,987.20 for attorneys' fees and costs incurred by Plaintiffs to date. This award does not preclude Plaintiffs from seeking additional attorneys' fees or costs incurred in collecting the amount awarded by this Judgment; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

;